# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 50123 | **DATE** | 12/6/2012 |
| **CASE TITLE** | Anthony Kafka vs. Donald Grady, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court denies defendants' motion to stay this proceeding.

*Philip G. Reinhard*

■[ For further details see text below.]   Electronic Notices.

## STATEMENT - OPINION

Defendants, Donald Grady (police chief at Northern Illinois University) and Todd Henert (lieutenant at NIU), filed a motion to stay the proceedings in this case pursuant to Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), and Younger v. Harris, 401 U.S. 37 (1971), contending that plaintiff, Anthony Kafka's, administrative review proceeding in the Illinois state courts, which is currently pending in the Illinois Appellate Court, justifies abstention and a stay in this case. Plaintiff has objected to any abstention or stay, and defendants have replied.

Plaintiff's two-count complaint, pursuant to 42 U.S.C. § 1983 and filed on April 11, 2012, names as defendants Grady and Henert in their individual capacities, and alleges a First Amendment retaliation claim in Count I and a conspiracy to retaliate in violation of the First Amendment in Count II.

The state-court case, which was filed on January 15, 2011, originated as a challenge in the Circuit Court of DeKalb County, Illinois, to the decision of the University Civil Service Merit Board (Merit Board) upholding the decision of NIU to terminate plaintiff from his position as a police officer based on charges of criminal conduct and violations of department rules and regulations. Following the Circuit Court's affirmance of the Merit Board decision, plaintiff appealed to the Illinois Appellate Court. Plaintiff's appeal is fully briefed as of August 2012.

Plaintiff's appellate brief essentially raises five issues: (1) whether the Merit Board arbitrarily and unreasonably obstructed judicial review by not setting forth any facts in support of its decision; (2) whether the Merit Board's decision was clearly erroneous in finding that plaintiff violated the criminal code; (3) whether the evidence supports the Merit Board's determination that plaintiff violated departmental rules and regulations; (4) whether, assuming plaintiff did violate such rules and regulations, such violations were sufficient cause for his termination; and (5) whether plaintiff's termination was retaliatory and in violation of the First Amendment.[1]

Colorado River Abstention/Stay[2]

Generally, the pendency of a state-court action is no bar to proceedings concerning the same matter in federal court. Huon v. Johnson & Bell, Ltd., 657 F. 3d 641, 645 (7th Cir. 2011), citing Colorado River, 424 U.S. at 817. The Colorado River doctrine, however, creates a narrow exception to that rule, allowing federal courts in some exceptional cases to defer to a concurrent state-court case as a matter of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation. Huon, 657 F. 3d at 645. Nonetheless, federal courts have a virtually unflagging obligation to exercise their jurisdiction. Huon, 657 F. 3d at 645. The task of the federal

court is not to find substantial reasons to exercise its jurisdiction but instead to ascertain whether there exist exceptional circumstances, the clearest justification, to support the surrender of that jurisdiction. Huon, 657 F. 3d at 645-46. To that end, there is a presumption against abstention, and if there is any substantial doubt that the concurrent state proceeding will be an adequate vehicle for the complete and prompt resolution of the issues between the parties a stay would be a serious abuse of discretion. Huon, 657 F. 3d at 646.

To determine whether a stay is appropriate, a district court must first decide whether the federal and state cases are parallel. Huon, 657 F. 3d at 646. In other words, the court must ascertain whether substantially the same parties are contemporaneously litigating substantially the same issues in another forum. Huon, 657 F. 3d at 646. The critical question in this regard is whether there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case. Huon, 657 F. 3d at 646. If the proceedings are not parallel, then a stay is not proper. If there is any doubt that the cases are parallel, the court should not abstain. Huon, 657 F. 3d at 646. One important factor is whether both cases would be resolved by examining largely the same evidence. Huon, 657 F. 3d at 646.

If cases are determined to be parallel, the court must further consider whether any exceptional circumstances justify abstention. Huon, 657 F. 3d at 647. As guidance in this regard, the court should consider and carefully weigh the following list of non-exhaustive factors: (1) whether the state court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim. Huon, 657 F. 3d at 647-48. Although no one factor is dispositive, the presence of federal-law issues must always be a major consideration weighing against surrender. Huon, 657 F. 3d at 648. Finally, because of the presumption against abstention, absent or neutral factors weigh in favor of denying a stay. Huon, 657 F. 3d at 648.

    1. Parallel cases

Here, the court finds that the state-court proceeding and the federal action are not parallel for purposes of the Colorado River doctrine. This is so for several reasons. The parties are not substantially similar. While plaintiff is the same in both cases, the defendants in the state proceeding are the Merit Board, its members, and NIU. Whereas in this case the only defendants are Grady and Henert, the two individuals who directly supervised plaintiff. The mere fact that they are employees of NIU does not make them substantially the same, particularly when they are being sued in their individual capacities only.

Additionally, the issues in the two cases are not substantially similar. While there is some general similarity as to the issue of whether plaintiff was terminated for justifiable reasons, that is where any similarity ends. The issues in the state case are primarily focused on the procedures followed by the Merit Board in reviewing plaintiff's claims and the evidence supporting the Merit Board and Circuit Court's decisions. In this case, on the other hand, the issues will primarily relate to the actions and decisions of the two defendants as to whether they retaliated against plaintiff in various ways for his exercising his First Amendment rights in the workplace.

Further, defendants have not demonstrated that there is a substantial likelihood that the state litigation will dispose of all the claims alleged in the federal case. While they point to the references in plaintiff's state appellate brief regrading retaliation under the First Amendment, a reading of the text of that appellate argument reveals that plaintiff is not asserting a First Amendment retaliation claim in his state case. Rather, he is referring to retaliation in an effort to show that he was not terminated solely because of any alleged violations of criminal law or department rules and regulations. Lastly, while there will be some evidentiary overlap, the two cases will not be resolved by examining largely the same evidence. Accordingly, the court finds the two cases are not parallel and denies a stay on that basis.

    2. Exceptional circumstances

Even if the two cases are parallel, defendants have not shown that sufficient exceptional circumstances exist to clearly justify a stay. In fact, defendants assert only three of the ten factors in support of their motion: (1) the desirability of avoiding piecemeal litigation; (2) the risk of inconsistent resolution of issues; and (3) the adequacy of the state action to protect plaintiff's rights. These three factors do not support a stay for several reasons.

First, even if all three factors were shown to exist, that would mean that the other seven factors are either at the very least absent or neutral and would thus weigh against granting a stay.

**STATEMENT - OPINION**

Second, several of the other factors actually support denying the stay. For instance, the state-court proceeding was initiated over a year before plaintiff filed his federal case. Additionally, the state-court litigation has progressed to the point of fully briefed arguments in the appellate court whereas this case is still in its infancy. Further, there is absolutely no hint of any vexatious or contrived purpose behind plaintiff's federal case.

Third, defendants have not shown the existence of all three of their asserted factors to such a degree as to demonstrate the exceptional nature of the two cases necessary to override the presumption against abstention. Although there is some overlap in the two cases, it is unlikely that piecemeal litigation will result as there are substantial differences in the various issues in the two cases. Also, the state-court case is nearing the point of potential finality. Nor have defendants shown that plaintiff's First Amendment rights will be adequately protected in the state proceeding. While plaintiff touches lightly on the issue of retaliation under the First Amendment in his appellate brief, his independent claims based on the First Amendment in this case will not be addressed in state court. Finally, while the issue of the legitimacy of his termination has some bearing in both cases, it is not likely that a ruling in that regard in the state proceeding will be entirely inconsistent with his First Amendment claims here. This is especially so as his First Amendment claims are based on conduct much broader than his termination alone.[3]

When the court considers the factors asserted by defendants, in combination with all of the other factors, it finds that defendants have not established the exceptional circumstances necessary to justify abstaining even if the two cases are parallel. Therefore, the motion for a stay based on the Colorado River doctrine is denied.

Younger Abstention

To repeat, abstention from the exercise of federal jurisdiction is the exception not the rule. SKS & Assoc., Inc. v. Dart, 619 F. 3d 674, 677 (7th Cir. 2010). However, a federal court may, and often must, decline to exercise its jurisdiction where doing so would intrude upon the independence of the state courts and their ability to resolve the cases before them. Dart, 619 F. 3d at 677. That is the concern underlying Younger.

The Younger doctrine requires federal courts to abstain from taking jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings. Dart, 619 F. 3d at 678. While the Supreme Court has extended Younger to civil cases, it has done so only in limited circumstances. Dart, 619 F. 3d at 678. The civil flavor of Younger extends only to a federal suit filed by a party that is the target of state judicial or administrative proceedings in which the state's interests are so important that the exercise of federal judicial power over the proceeding would disregard the comity between the state and federal governments. Dart, 619 F. 3d at 678.

In this case, Younger does not apply in the first instance because the target of the state proceeding, plaintiff, has not come to federal court seeking to interfere with or interrupt the state-court proceeding. Rather, he has filed claims against two independent defendants, the disposition of which will have zero impact on the state-court proceeding. Further, the resolution of the federal case will in no way intrude upon the independence of the state courts or their ability to resolve the case involving plaintiff. The Younger doctrine simply has no applicability under these circumstances, and the motion to stay on that basis is denied as well.[4]

For the foregoing reasons, defendants' motion to stay this proceeding is denied.

---

1. This characterization of issue 5 is taken from the heading on page iii of plaintiff's appellate brief and is not necessarily indicative of the actual arguments contained in plaintiff's brief. The court will elaborate on this observation later in this order.

2. While defendants refer to abstention, they are effectively seeking a stay. Thus, the court will use the terms interchangeably throughout this order.

3. While defendants briefly assert that many of these additional claims are barred by the applicable statute of limitations, it is premature to reach such a conclusion at this point.

4. Having so concluded, the court notes that it is arguable whether defendants have standing to seek a stay under Younger where they have no stake in the outcome of the state-court proceeding.