# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 50123 | **DATE** | 4/23/2013 |
| **CASE TITLE** | Anthony Kafka vs. Chief Donald Grady, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, defendant's motion to dismiss as untimely the claims based on the allegations of Paragraphs 12 to 28 of the complaint is granted. Defendant shall file an answer to the remainder of the complaint on or before May 20, 2013.

*Philip G. Reinhard*

■[ For further details see text below.]

Electronic Notices.

## STATEMENT - OPINION

Plaintiff, Anthony Kafka, brings this action against Chief Donald Grady and Lt. Todd Henert, employees of plaintiff's former employer, the Northern Illinois Police Department ("Department"), alleging retaliation for participating in protected speech (Count I) and conspiracy to violate plaintiff's First Amendment rights (Count II). Plaintiff was a police officer on the Department until his termination on May 18, 2011. Jurisdiction is proper under 42 U.S.C. § 1983. Defendants move to dismiss the claims based on the actions alleged in paragraphs 12 through 28 of the complaint as barred by the statute of limitations.

Plaintiff was hired as a police officer with the Department on August 6, 2001. The patrol officers were represented by a police union. In June 2008, plaintiff was elected to the union board, appointed vice president and served as a union steward.

Plaintiff filed this action on April 11, 2012. The statute of limitations for section 1983 actions is two years. Woods v. Illinois Dept. of Children & Family Services, 710 F.3d 762 (7th Cir. 2013). The actions alleged in paragraphs 12 through 28 of the complaint all occurred more than two years before the filing of the complaint.

Those actions were as follows: October 6, 2008, reduction in plaintiff's hours; October 10, 2008, Grady threatens plaintiff he could take away plaintiff's and other union members jobs; November 13, 2008, Grady threatens harsh disciplinary action due to union filing of unfair labor practice charge; December 12, 2008, two additional grievances are filed and Grady sends plaintiff and six other union members disciplinary notices; December 2008, plaintiff is transferred to foot patrol, denied vacation requests, and his duties and responsibilities were diminished; from 2008 to 2010, plaintiff files seven grievances on his own behalf and assisted other officers with approximately twelve other grievances; from January to July 2009, plaintiff was prohibited from working in vehicle patrol and was restricted to foot patrol or desk duty; July 8, 2009, Henert ordered plaintiff to provide a written statement describing any communications over the prior three months dealing with dissemination of information concerning other employees; Henert denied plaintiff the right to know any allegations of misconduct or to have legal representation; in July 2009, plaintiff submitted three requests to Henert to use two leather pouches and a second pair of handcuffs on his duty belt; Henert ignored these requests for ten months requiring plaintiff to make numerous resubmissions of his applications; September 12, 2009, plaintiff was prohibited from ending his shift on time because Henert required him to remain at a contracted event while other officers were allowed to leave the event and end their shifts on time; October 2009, plaintiff authored a letter to the Northern Illinois committee chosen to review Grady's job performance

**STATEMENT - OPINION**

in which he informed the University of Grady's retaliatory tactics; from October 5, 2009, through December 10, 2009, plaintiff was never assigned to vehicle patrol duties and was regularly assigned to desk duties; January 20-21, 2010, plaintiff testified at an unfair labor practice hearing with testimony that was critical of the actions of Grady and Henert as it related to union members being discriminated against; he also testified Henert had testified untruthfully under oath; as of January 25, 2010, plaintiff continued to be prohibited from working vehicle patrol duties and was restricted from driving a squad car; on or about February 11, 2010, plaintiff reported to the Cook County State's Attorney's Office that Henert had lied under oath and plaintiff requested an investigation for perjury.

Defendant's seek dismissal of any claims based on the allegations set forth in the foregoing paragraph. To complete the picture, the court will set out additional facts alleged in the complaint though claims based on such facts are not the subject of the motion to dismiss.

Plaintiff was ultimately terminated from the Department on May 18, 2011. In May 2010, Henert changed plaintiff's shift schedule "suddenly and drastically" and "without notice." On May 27, 2010, "in response to having his assignment changed without notice," plaintiff, "became upset and had an outburst in the police department regarding the schedule change." After the May 27, 2010 incident, Grady and Henert placed plaintiff on administrative leave and "began a full scale investigation seeking his termination." A termination hearing was held before the University Civil Service Merit Board on February 28, 2011 and plaintiff was terminated from his position with the Department on May 18, 2011.

The actions described in paragraphs 12 to 28 of the complaint clearly occurred outside the limitations period. The question is whether these actions and those that occurred within the limitations period "are better seen as an ongoing injury than as a harm triggered by a one-time event." Levy v. Pappas, 510 F.3d 755, 763 (7th Cir. 2007) (citing, Nat'l Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 115) (2002), abrogated on other grounds by, Levin v. Commerce Energy, Inc., __ U.S.__, 130 S. Ct. 2323 (2010). Levy involved retaliation claims based on the plaintiff's exercise of First Amendment rights. The complaint alleged that a criminal investigation, which began more than two years before the filing of the complaint, was being conducted in retaliation for Levy's exercise of his First Amendment rights. Levy suggested that the claims based on that investigation might not be barred by the statute of limitations. Levy noted "[a]n ongoing criminal investigation is less like a singular event, such as being fired from a job or being beaten by a police officer, than it is like being denied medical treatment, or suffering from a hostile environment or being maliciously prosecuted over an extended period of time." Id. However, Levy dismissed the claims on other grounds and, therefore, did not decide the issue Id.

The Supreme Court, noting that [d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify," held in Morgan, 536 U.S. at 113-14 that each discrete act of discrimination and each discrete retaliatory adverse employment action is a separate actionable unlawful employment practice and a charge brought for such discrete acts must be brought within the limitation period as calculated from the date of each discrete act. "Hostile environment claims are different in kind from discrete acts. Their very nature involves repeated conduct." Id. at 115. "Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." Id. at 117.

A review of the allegations in paragraphs 12 to 28 of the complaint show the events alleged are discrete acts. Reductions in hours, disciplinary actions, denials of vacation, transfer to foot patrol, being prohibited from driving a patrol car, not obtaining permission to use equipment, and being prohibited from ending his shift on time are all discrete, identifiable events, and claims based on these actions are time-barred.[1]

For the foregoing reasons, defendant's motion to dismiss as untimely the claims based on the allegations of Paragraphs 12 to 28 of the complaint is granted. Defendant shall file an answer to the remainder of the complaint on or before May 20, 2013.

---

1. While claims based on these allegations are time-barred, the facts themselves may be admissible background evidence in support of timely claims. A determination on admissibility would be premature at this time.