IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Anthony Kafka, | ) | |
| | ) | Case No. 12 C 50123 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Chief Donald Grady, in his | ) | |
| individual capacity, & Lt. Todd | ) | Judge Philip G. Reinhard |
| Henert, in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons that follow, the court denies plaintiff Anthony Kafka's objections [74] to defendants' bill of costs [72]. The court awards defendants $3,597.35 in costs.

## STATEMENT-OPINION

On April 11, 2012, plaintiff Anthony Kafka, a former Northern Illinois Police Officer, filed a two count complaint under 42 U.S.C. § 1983 against defendants Chief of Police Donald Grady and Lieutenant Todd Henert (plaintiff's former supervisors/superiors). *See* [1]. In his complaint, plaintiff alleged Grady and Henert violated his First Amendment rights by retaliating against him through various employment actions and alleged the two defendants entered into a conspiracy against him. *See id.* After the parties completed discovery, defendants moved for summary judgment. *See* [54].

On September 23, 2014, the court granted defendants' motion in its entirety. *See* [68]. Thereafter, defendants timely filed their bill of costs and requested that the court grant $3,597.35 for the expenses they incurred for various transcripts. *See* [72]. Plaintiff objects to the bill of costs and asks the court to deny all costs because he is indigent. Alternatively, plaintiff asks that the court reduce defendants' costs. Defendants contend these objections are without merit.

Federal Rule of Civil Procedure 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The list of recoverable costs pursuant to 28 U.S.C. § 1920, includes (1) fees of the clerk and marshal; (2) fees for transcripts; (3) witness fees and expenses; (4) fees for copies of papers necessarily obtained for the use in the case; (5) docket fees; and (6) compensation for court-appointed experts and interpreters. 28 U.S.C. § 1920. Rule

54(d)(1) presumes that "the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). However, the Seventh Circuit has recognized two situations in which the denial of costs could be warranted. The first involves the misconduct of a party seeking costs. *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). The second is if the losing party is indigent. *Id.* That said, even if neither exception is applicable, a prevailing party must demonstrate that the costs are both "reasonable and necessary to the litigation" to receive an award. *Little v. Mitsubishi Motors N. Am.*, 514 F.3d 699, 702 (7th Cir. 2008).

Plaintiff objects to defendants' bill of costs for two reasons. First, he contends that the court should deny all costs because he is indigent. Second, plaintiff claims defendants' bill is excessive. He asks the court to reduce the costs if it does not find denial based upon indigency appropriate. The court will address each objection in turn.

## A. Indigence

Plaintiff principally argues that defendants' entire bill of costs should be denied because he is indigent. To support his claims of indigency, plaintiff has provided an affidavit and a list of his current income and monthly expenses. *See* [74-1]. His affidavit reveals that he and his wife have a combined gross annual income of $71,491.44. As defendants point out, this is far above the poverty level for a family of four in the United States. *See* [77-1] at 1 (reflecting that the poverty level for a family of four is $23,850). While it is well established the this court has the discretion to consider a plaintiff's indigency in denying costs, the Seventh Circuit has held that the indigence exception is "a narrow one." *Rivera*, 469 F.3d at 636. In *Rivera*, the Seventh Circuit instructed courts to first make a threshold factual finding that the losing party is "incapable of paying the court-imposed costs at this time or in the future" and then proceed to additional factors to determine whether the indigency exception applies. *Id.* at 635. The Seventh Circuit added that the losing party bears the burden of providing the court "sufficient documentation to support such a finding." *Id.*

Here, plaintiff has provided an affidavit that purports to outline his income, assets, and schedule of expenses. Thus, he has met his burden with respect to documentation. However, plaintiff's affidavit does not demonstrate indigency and as a result, the court cannot make a threshold finding that plaintiff is incapable of paying. Indeed, when the court subtracts plaintiff's expenses from his income and assets, plaintiff is left with $15,975.15 each year. Plaintiff fails to explain why a portion of this money cannot be used to pay the costs that defendants seek. As such, the court cannot make the initial finding that plaintiff is incapable of paying costs and defendants' bill of costs will not be denied on this basis. *See Johnson v. Allstate Ins. Co.*, No. 07-CV-0781-SCW, 2012 WL 4936598 at *12 (S.D. Ill. Oct. 16, 2012) (refusing to deny a defendant's bill of costs because the plaintiffs' submitted financial documentation revealed that they "ha[d] the means to eventually pay" the bill of costs.).

**B. Unreasonable Costs**

Plaintiff alternatively asks the court to reduce defendants' costs. Plaintiff first complains about the $3.20 per page rate defendants seek for plaintiff's deposition transcripts. Plaintiff argues this rate is excessive because most courts in this district have held that anywhere between 10 and 20 cents per page is reasonable. [74] at 2. Defendants respond this objection is without merit because the 10 and 20 cent per page rate refers to costs associated with photocopying and not the costs concerning deposition transcript fees. The court agrees with defendants.

Costs of deposition transcripts are amongst those recoverable under 28 U.S.C. § 1920(2). Local Rule 54.1(b) governs transcript costs in the Northern District of Illinois. *See generally Koneff v. Nyang'iti*, No. 07-C-3283, 2009 WL 5215595 at *1-2 (N.D. Ill. Dec. 29, 2009). Local Rule 54.1(b) provides that "the cost of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed." Local Rule 54.1(b).

In this case, plaintiff's deposition was filed on April 30, 2014 and was taken on December 11, 2013. *See* [56-1] at 15. The maximum rate for ordinary transcripts at that time was $3.65. *See Pugh v. Brd. of Educ. of the City of Chicago*, No. 10 C 4115, 2012 WL 5199629 at *3 (N.D. Ill. Oct. 22, 2012). Thus, defendants rate of $3.20 per page is reasonable and a reduction is not warranted.

Next, plaintiff complains about a $610.00 invoice defendants submitted for hearing transcripts. *See* [74] ¶ 10. Plaintiff argues that this cost is not reasonable because there was not a deposition on the date of invoice and defendants have failed to explain why this is a necessary expense. Defendants respond the invoice is from the Illinois Labor Relations Board. They explain that this hearing concerned plaintiff's termination and included sworn testimony from plaintiff, defendants and third party witnesses regarding the incident that caused plaintiff's termination. [77] at 3. Defendants claim this transcript was necessary for their motion because it provided support for the veracity and credibility of various parties in the litigation.

After reviewing both invoices defendants submitted for this expense, ([72-1] at 1-2), the court finds the $610.00 expense both necessary and reasonable. First, plaintiff should have known this expense was for a hearing transcript before the Illinois Labor Relations Board and not a deposition transcript. This was clear to the court after it reviewed the invoices defendants submitted. *See* [72-1] at 2. Regardless, the court finds this hearing transcript is a recoverable expense under 28 U.S.C. § 1920(2) because defendants have provided a sufficient explanation as to why this transcript was particularly relevant for their motion for summary judgment. *See S-Kure Controls, Inc. v. Vanguard Products Group, Inc.*, 873 F. Supp. 2d 939, 946 (N.D. Ill. 2012). Finally, the $610.00 expense is reasonable because the requested $2.50 per page rate is less than the Judicial Conference rate was in 2010. *See* id. (stating that a defendant was entitled to recover hearing transcripts at a rate that did not exceed the maximum rate established by the Judicial Conference for an original ordinary transcript.) Accordingly, the $610.00 cost for the

hearing transcript was both necessary and reasonable and the court rejects plaintiff's contentions to the contrary.

For the foregoing reasons, the court denies plaintiff Anthony Kafka's objections [74] to defendants' bill of costs [72] and awards defendants $3,597.35 in costs.

Date: 12/03/2014                    ENTER:


_____
United States District Court Judge

Electronic Notices.  (LC)

4